HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc. v. HOLLINGS-WORTH et ux.

No. 14962.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 17, 1948.

748

Fred H. Minor, of Denton, and William R. Bryant, Freeman, Wolfe, Keith & Milam and Joe A. Keith, all of Sherman, for appellant.

W. C. Boyd, of Denton, and Wm. C. Culp, of Gainesville, for appellees.

HALL, Justice.

Appellant, Houston and North Texas Motor Freight Lines, Inc., of Dallas, filed this appeal complaining of the trial court in overruling its plea of privilege on April 3, 1948 in a case filed against it by Jack Hollingsworth et· ux. in the District Court of Denton County, Texas.

Appellant's three points of error are as follows, to wit:

1. The Court erred in overruling appellant's plea of privilege because the legally competent evidence was insufficient as a matter of law to prove or tend to prove that a crime, offense or trespass was committed in Denton County.

2. The Court erred in overruling appellant's plea of privilege because the legally competent evidence was insufficient as a matter of law to prove or tend to prove that a cause of action or part thereof arose in Denton County.

3. The Court erred in overruling appellant's plea of privilege because the uncontradicted legally competent evidence, or, alternatively, the overwhelming preponderance thereof, showed that the deceased, Bobby Gean Hollingsworth, was guilty of negligence which proximately caused his death.

Appellees alleged in their controverting affidavit that appellant's truck, driven by R. N. Hill, now deceased, was so negligently operated that it struck their fourteen year old son, Bobby Gean Hollingsworth, and his scooter upon which he was riding, knocking their son and· his scooter into and along a concrete banister of a bridge in Denton County, Texas, thereby inflicting fatal injuries upon his person. They alleged many acts of omission and active negligence on the part of the truck driver which caused their son's death. Many of the acts or omissions of negligence enumerated in the petition, if found to be true, do not constitute a trespass, such as failure to properly control the truck, failure to keep a proper lookout, failure to sound horn, failure to reduce speed, and failure to stop the truck before hitting their deceased son. Barron et al. v. James, 145 Tex. 283, 198 S.W.2d 256.

Appellant contends that the evidence is insufficient to reflect a committal of negligence that could be termed a trespass but to the contrary the evidence shows as a matter of law that such death of Bobby Gean was proximately caused by his own negligence.

We have read the entire statement of facts and fail to find competent testimony which will support the court's finding of a trespass having been committed by appellant in Denton County, Texas, at the time and place in question. Appellees' testimony was adduced from the following witnesses:

First, Lyle F. Wham testified by deposition in part and in substance that he was traveling north on U. S. Highway 77 in his Buick passenger car, just north and outside of the city limits of Sanger in Denton County, Texas, at about 5:15 or 5:30 p. m. on December 10, 1946, date of the accident in question, that the weather was misty, the road was wet, there were heavy dark clouds hanging low, and it was almost dark; that the black top pavement was even darker than usual because of its being wet and the cloudy weather; that he was driving about 40 or 45 miles per hour with his headlights burning; that he had them burning for approximately thirty minutes; that it was so dark that other motorists could not see him readily without his lights burning; that he saw appellant's truck approaching south toward him about one-half mile away, it had both its headlights and clearance lights burning; it appeared to be moving at a speed of about 40 or 45 miles per hour; that as such truck approached his car and just before the acci-

dent, he caught a glimpse of a low and dark object, without lights, which swiftly moved across his line of vision; that such object immediately blended into the darkness and he did not see it any more; that such object darted in front of his vision for just an instant about 300 ft. down the road between him and the truck and it passed about 100 ft. ahead of appellant's truck. He testified he was an experienced driver, having owned at least a dozen trucks; had driven several hundred thousand miles and had driven as many as a dozen makes and sizes of passenger cars over a period of forty years; based upon such experience and knowledge of the road it was at least extremely difficult if not impossible to discover the presence of the unlighted motor scooter on the highway but that if said scooter had burning lights it could have been easily seen. That the truck maintained a true course proceeding south on the west lane of the highway until within about 100 ft. of his car, when it swerved to the center of the highway, half of the truck being east of the center of the highway and the other half being west of the center of the highway; that he did not know why the truck swerved toward the center of the highway toward him until after the accident occurred; he then realized that there was this object which he had seen dart in front of him before but which he did not see at the time. At this instance he pulled his car as far to the right as possible in order to avoid a collision and at the same time not too far in order to miss the concrete banister of the bridge; that such truck maintained a true course in the center of the highway from then until it passed south over the bridge; the speed of the truck had been reduced to between 15 or 20 miles per hour and that he had reduced the speed of his car to approximately 25 miles per hour. The truck came so close to his car that it almost collided with it; that some few feet of the west lane of the highway were left unoccupied by the truck and his car; that when his car and the truck were alongside each other, with the front of the car near the back end of the truck he heard a dull thud but did not know what it was; that he stopped and went back to the

scene of the accident. The truck driver stopped on the shoulder of the highway about 75 ft. from the scene of the accident, the motor of the scooter was still running at high speed; the deceased son of appellees was lying unconscious on the edge of the pavement, partly on the shoulder. The brother of the driver of the scooter reached the scene of the accident almost immediately, examined the motor scooter and discovered that the light switch was not on. The truck did not skid at any time. He did not know what caused the accident; he could not tell whether the truck hit the scooter or whether the scooter hit the banister of the bridge. It was his belief that the driver of the truck handled the truck expertly under the existing conditions and circumstances and that he knew of nothing that the driver of the truck did which caused the accident and nothing that the truck driver was able to do which he failed to do and that when the truck driver was suddenly confronted with the emergency it appeared to him that the driver did everything possible to prevent and avoid the accident; that there was nothing to keep Bobby Gean from seeing both his car and appellant's truck when he entered the highway from his father's home; that by waiting a few seconds Bobby Gean could have avoided the accident. About thirty or thirty-five minutes after the accident the witness talked to the truck driver, who in turn told him that when he saw the scooter it was about 75 or 100 ft. in front of him, he said the scooter had no lights on it; that he immediately swerved to the center of the highway as far as possible to give the deceased boy room to get off the bridge; that he swerved the truck over as close to witness' car as possible trying to avoid hitting the boy or his scooter.

Two or three of appellees' witnesses testified that after the deceased had been removed from the highway by an ambulance and after appellant's truck driver had driven his truck into the town of Sanger and after they had visited the injured boy in the hospital, which was about thirty minutes after the accident occurred, they heard a conversation between the truck driver and one of the employees of appellees, who also testified that the truck driver of appel-

lant made the following statement: " 'Well, boys, it was just my fault.' He said, 'I applied my brakes, and the trailer jack-knifed and I was afraid I was going to sideswipe a car that was coming. And I turned it loose and took a chance on dodging the scooter.' "

This is the testimony that appellees principally rely upon to retain venue in Denton County and the admissibility of such testimony is strenuously challenged by appellant as not being a part of the res gestae. We doubt if such testimony comes within the res gestae rule but for the purpose of this appeal and taking for granted that such testimony was admissible and viewing such testimony in its most favorable light to appellees case, we find that appellees failed to meet the burden of establishing negligence of appellant's driver to the extent that such negligence was a proximate cause of the fatal injuries to their son.

Appellees introduced some conflicting testimony of their witness Wham to the effect that the ambulance driver testified that he did not use his lights going out to the scene of the accident and only used his warning lights going back with appellees' injured son. This discrepancy in the testimony in our opinion would not establish a fact or circumstance that appellant's driver was negligent. Appellees introduced testimony of the witness Wham, who was the only eyewitness to the scene of the driving of appellant's truck and therefore they vouch for the credibility of his testimony and is bound by all the testimony which he testified to that was not contradicted, and they cannot now declare that his testimony should not be given such consideration as its natural probative value entitles it to. We are bound to take appellees' uncontradicted testimony as being true. Borrini v. Pevely Dairy Co., Mo. App., 183 S.W.2d 839, and cases there cited.

Appellees say they rely upon circumstantial evidence to prove trespass committed by appellant's employee. " * * * but before an inference of either negligence or proximate cause may be drawn, it is required that such inference rest upon facts or circumstances proved and not upon another inference or presumption."

Comet Motor Freight Lines, Inc., et al., v. Holmes et al., Tex.Civ.App., 203 S.W.2d 233, writ refused, NRE.

Appellees' evidence shows that their young son had started to town between 5:00 and 5:30 in the afternoon on a dark, rainy day; that he drove his scooter, on which he was riding, out into the road 100 ft. from in front of appellant's truck, without any lights; that when appellant's employee discovered the presence of such vehicle, said employee did everything possible that he could or that a prudent person could do to avoid injury to their son and without causing a head-on collision with an on-coming automobile. The record shows that the truck driver died without his deposition having been taken but the record does not disclose the cause of his death.

It was indeed a tragic accident, but such regrettable facts and circumstances do not show negligence nor proximate cause of such accident to be upon appellant. Therefore, the judgment of the trial court is reversed, and the clerk of the District Court of Denton County is ordered to transfer the case to the District Court of Dallas County, in accordance with this opinion.