**MILLER & MILLER MOTOR FREIGHT LINES v. HUNT.**

No. 6159.

Court of Civil Appeals of Texas. Amarillo.

June 25, 1951.

Rehearing Denied Sept. 10, 1951.

Klett, Bean, Evans & Justice, Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

MARTIN, Justice.

Appellee, Mrs. Christeen Hunt, sued appellant, Miller & Miller Motor Freight Lines, a partnership, in Dickens County, Texas, and alleged in her petition that the appellant's agent so negligently operated a company truck as to cause the death of Margaret Ann Hunt, a minor child of appellee, in Dickens County, Texas. Appellant filed a plea of privilege to be sued in Wichita County, Texas, the county of its residence. Appellee controverted this plea and sought to hold venue in Dickens County under Exception 9 of Article 1995, Vernon's Annotated Civil Statutes. The trial court overruled appellant's plea of privilege and it perfected an appeal.

Thirteen grounds of negligence are alleged in appellee's petition. As to the issue of venue, a number of appellee's allegations of negligence raise no issue of trespass under the Supreme Court's ruling as to active negligence as found in Barron v. James, 145 Tex. 283, 198 S.W.2d 256, 260, wherein specific allegations of negligence are quoted as follows: "failed to have the bus under proper control * * * failed to keep a proper lookout * * * failure of the driver to sound his horn * * * negligent in not stopping the bus before it came in contact * * * driver was guilty of negligence in not driving sufficiently to his left to avoid coming in contact * * * driver failed to reduce the speed of the bus." The Supreme Court, after setting forth the above issues, like allegations being found in appellee's petition herein, ruled: "In none of the answers to the issues was there a finding of active negligence. * * * None of these is a finding of trespass." (Citing many cases).

The issue is thus narrowed solely to two allegations of negligence found in appellee's petition as follows: (1) That the driver turned his truck off the paving to the right to park before passing Margaret Ann Hunt and ran over her. (2) That a dolly wheel crank on the truck extended beyond the truck bed and caught the dress of

Margaret Ann and she was thereby thrown under the truck on the highway and run over. The issue here is whether there is any evidence of probative force to sustain one of the allegations so plead as either of the allegations, if established by evidence, would constitute active negligence and a trespass in Dickens County, Texas.

Appellant and appellee further somewhat narrowed the issue to an inquiry as to the extent inferences or presumptions may legally be drawn from proven facts in the cause. The respective points of view of the parties are aptly illustrated by Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547, as cited by appellant and by Benoit v. Wilson, Tex. Sup., 239 S.W.2d 792, as cited by appellee.

The general rules under which venue must be established are too well known to require citation of authority. The applicable rules as to the extent presumptions may be drawn from the proven facts are briefly as follows: 32 C.J.S., Evidence, § 1044, page 1129: "A verdict or finding may be based on reasonable inferences fairly drawn from the facts in evidence, and a material fact need not be proved by direct evidence; it is sufficient if there is evidence from which the fact can properly be inferred. The triers of fact may draw all reasonable and legitimate inferences and deductions from the evidence adduced before them; indeed, it is their duty to make, and give consideration to, all inferences and deductions which may properly be drawn."

31 C.J.S., Evidence, § 116, page 727: "An inference of fact should not be drawn from premises which are uncertain, but the facts on which an inference may legitimately rest must, it is said, be established by direct evidence as if they were the very facts in issue. It follows that one presumption cannot be based on another presumption."

Texas & P. Ry. Co. v. Brown, 142 Tex. 385, 181 S.W.2d 68; Williams v. Rearick, Tex.Civ.App., 218 S.W.2d 225; Houston & North Texas Motor Freight Lines, Inc. v. Hollingsworth, Tex.Civ.App., 213 S.W.2d 747; Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378.

In the light of all applicable rules, we shall examine the evidence in this cause. This evidence is not too involved and there is no dispute as to the actual facts proven. We must of necessity quote the essential undisputed proven facts, which are as follows: The appellant's truck driver stopped at a stop sign on two intersecting highways in Dickens, Texas. The driver was proceeding East on the South side of the high-way and was stopping in Dickens for coffee. The sheriff testified that from a point just South of the stop sign to the place on the highway where the center of the little girl's body lay was 87½ feet. Margaret Ann Hunt and her sister, Carla Tom Hunt, were standing side by side south of, and just off of, the paved portion of the highway. The truck was 8 feet wide and the van body did not extend beyond the tires. The truck's speed was estimated at from 5 to 10 miles per hour. A truck tractor pulled the van and the front of the van rested on the back of the truck tractor and the back of the van rested on 8 rear wheels, four to each side in dual sets. A dolly wheel crank near the front of the van was found hanging loose under the van bed after the truck was parked south of the highway. When this crank is engaged so that the dolly wheels could be raised or lowered the handle of the crank sticks outwardly from the bed several inches. The truck tires did not leave the paved portion of the highway until 5½ feet beyond the spot on the paving where the center of Margaret Ann's body was located. The child's body was entirely on the paving with the head pointing northeast toward the center of the pavement and the feet southwest and the feet were about 6 inches from the south edge of the pavement. Carla Tom, who was standing beside Margaret Ann at the time, was 6 years of age and a bright, intelligent girl in the first grade in school. Carla Tom, who was generally known as Sandy, immediately after the occurrence, told her brother, Margaret Ann is killed or something like that. Carla Tom also claimed to have seen the accident. She was not offered as a witness. The testimony established that there was an L shaped tear on the left side of Margaret Ann's dress about 3 inches long. Two red buttons from this dress, and also two or three soda straws, were found at the spot on the highway where the body lay. The buttons had been pulled off, or popped off, the back of the dress above the waistline. The sheriff and highway patrolman testified that the truck wheels had run on the right side of Margaret Ann's right leg and up to the hip. The undertaker who examined the body testified that on the left side there was a place two or three inches long that he had to dry the tissue and sew it up. The undertaker further testified that what he took to be tire marks were on the left side of the body and the other one had been bruised or cut or something. He was of the opinion that the truck wheels ran over the body over the pelvic region at an angle and slipped off. No cloth, blood or skin tissue were found on the dolly wheel crank.

From the above facts, the appellee drew the theory that Margaret Ann was either run over by the truck turning off the pavement to the right to park or that she was caught on the left side of her dress by the dolly wheel crank and thereby thrown under the van and under the back wheels. Further, appellee's theory is that the dolly wheel crank extended beyond the truck body and tore the L shaped place in Margaret Ann's dress and thereby popped the two red buttons off the back of her dress. The appellant, although not required to prove any facts or advance any theory in the venue hearing, drew the theory under the facts that Margaret Ann tried to run under the high truck van body and was run over. To these theories advanced by the appellee and by the appellant might be added still another theory that Margaret Ann was standing beside her sister at the edge of the pavement and, as children are wont to do, leaned over and placed her hand on the slowly moving truck and that, in leaning over and putting her hand on the truck as it moved by, her hand came in contact with the outer drive wheel tire on the truck which threw her off balance and she fell on the paving under the truck. But it is to be observed that these are all merely theories and as such are not to be confused with presumptions or inferences that may legally be drawn only from proven facts.

In view of the uncontroverted evidence in the cause that the truck was on the paved portion of the highway and that the wheels thereof did not leave the paved portion of the highway until they were past the place where the child's body was found, there is no evidence in the record to support the proposition that the truck turned off the paving to the right and ran over Margaret Ann. All the direct testimony submitted in the cause establishes that Margaret Ann was run over while she was on the paving. The direct evidence on this issue dispenses with the necessity of drawing any presumptions or inferences. But even if any inferences or presumptions were required to be drawn on the proven facts, the above finding is the only reasonable presumption or inference to be had in the cause under the proven facts as to this issue.

Under the authorities, the facts as proven do not establish that the truck turned off the paving and ran over the child thereby establishing a trespass in Dickens County, Texas. Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 136 S.W.2d 207; Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547; Thomas v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 178 S.W.2d 881; Crabb v. Zane's Freight Agency, Tex.Civ.App., 123 S.W.2d 752.

The appellee's proposition as to Margaret Ann being caught by the dolly wheel crank and thrown under the truck will now be examined. Circumstantial evidence may be relied upon in proof of this issue. But, "It is elementary that inferences can be drawn only from facts and not from other inferences. That rule has special application in a case, like this, where a very doubtful inference is sought to be drawn from another one equally doubtful." Texas & N. O. R. Co. v. Grace, supra [144 Tex. 71, 188 S.W.2d 381.].

It is a proven fact that Margaret Ann's dress had an L shaped tear on the left side above the waistline and that this dress was so torn by some means on the occasion of her death. The tear in the dress is the proven fact upon which we must base any presumptions as drawn. The sheriff testified that the dolly wheel crank was in a position to where it could have torn the dress. It is worthy of note that he did not, and could not, testify that the crank actually tore the dress. Upon these two facts, if the last be conceded to be a fact rather than a conclusion or presumption based upon the proven fact of location of the crank and the height of the girl, we must base the presumption that the crank actually did strike Margaret Ann, and on this presumption the further presumption that the crank actually did tear the L shaped place in her dress, and the still further presumption that the two red buttons were thereby popped off the back of Margaret Ann's dress. Arriving at these conclusions by at least one, or more, presumption, we can go no further without the further pre-

sumption that when the dress was so torn by the crank, as above presumed, that Margaret Ann was thereby thrown under the truck on the paving where she was run over and killed. This would require a presumption based solely upon a presumption which is not permissible under the law. Texas & N. O. R. Co. v. Grace, supra. As said in Thomas v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 178 S.W.2d 881, 882: "* * * since no presumption can be drawn from a presumption, and if there is no fixed or ascertained fact from which the inference of another fact may be drawn, the law does not permit one to be drawn from it." (Citing many authorities). Also, the burden was upon the plaintiff not only to prove negligence of the defendant, but that such negligence was a trespass and was the proximate cause of the injury. Chiles v. Goswick, 148 Tex. 306, 225 S.W.2d 411; Webester v. Henwood, Tex.Civ.App., 134 S.W.2d 333; Campos v. St. Louis B. & M. Ry. Co., Tex.Civ.App., 43 S.W.2d 487; Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547.

Appellee further places stress on the fact that two red buttons from Margaret Ann's dress were found on the spot where the body lay on the pavement. Appellee cites this as a further fact from which it may be inferred that the dress was caught by the dolly wheel crank and the L shaped tear made in the dress and the two red buttons popped off the back of the dress. Since the facts show that Margaret Ann was standing at the edge of the paving with her back away from the paving, it would appear to be unusual, to say the least, that the two red buttons would be popped off the back of her dress and in front of her and on the paving at the spot where her body was later found.

Under appellee's presumption that the buttons were popped off the back of the dress by the pressure of the dolly wheel crank, it might as reasonably be further presumed that the buttons would be thrown out in the dirt away from the pavement rather than in front of Margaret Ann and on the pavement. Further, it might even be as correctly presumed from the proven facts that when the truck wheels passed over the body of Margaret Ann "over the pelvic region at an angle and slipped off" that this pressure popped the two buttons off the dress on the pavement at the location where the body was found. And, it could be a correct inference from the proven facts that the tire tread, and not the dolly wheel crank, tore Margaret Ann's dress.

■ The above is not an attempt to here substitute any facts or any presumptions drawn therefrom for any finding of fact of the trial court or presumptions drawn thereon by the trial court. But, in the light of the issues, it may be correctly said at this point, under the authorities, that the evidence to support the appellee's cause must go beyond the matter of surmise or conjecture. "Where the proof of causal connection is equally balanced, or the facts are as consistent with one theory as with another, plaintiff has not met the burden the law casts upon him." 38 Am.Jur. p. 1034, Sec. 334; Davis v. Castile, Tex.Com.App., 257 S.W. 870. "Speculation cannot supply the place of proof." Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 430, 95 L.Ed. 547.

Contra to the facts in evidence and any presumptions that might be legally drawn therefrom as to appellee's contention that the dolly wheel crank caught Margaret Ann's dress, we have the direct testimony of both the highway patrolman and the sheriff that they did not find any skin, hair, or anything else to indicate the dolly wheel crank had hit Margaret Ann. Further, as to the issue of whether the crank may have stuck out beyond the van bed, the highway patrolman testified as follows: "It was hanging under the bed." The patrolman further testified on direct examination as follows: "Q. Could you find any bolt or nail or anything about the truck and trailer that could have torn the dress in the manner it was torn in? A. No, I didn't find anything."

Texas & P. Ry. Co. v. Brown, 142 Tex. 385, 181 S.W.2d 68; Houston & North Texas Motor Freight Lines, Inc. v. Hollingsworth, Tex.Civ.App., 213 S.W.2d 747; Cohen v. City of Houston, Tex.Civ.App., 185 S.W.2d 450; Wells v. Texas Pac. Coal

924

& Oil Co., 140 Tex. 2, 164 S.W.2d 660; Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547; Thomas v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 178 S.W.2d 881.

Two other elements enter into any correct disposition of the issues in this cause and these elements will be discussed in the following separate paragraphs.

Appellant asserts that the fact that Carla Tom, a sister of the deceased, was standing beside Margaret Ann at the time and witnessed her death and was not called as a witness is a strong circumstance that this sister's testimony would be unfavorable to appellee. The controversial issue hereunder would be as to the competency of Carla Tom, a girl 6 years of age at the time of the death, to testify, for if Carla Tom were a competent witness it is evident she could shed light on the issues before the court. Brown v. State, 76 Tex.Cr.R. 513, 176 S.W. 50 and Smith v. State, 73 Tex.Cr.R. 273, 164 S.W. 838 are cases in which it was ruled that a child 6 years of age is competent to testify. Many other cases on this issue could be cited. 31 C.J.S., Evidence § 156c, page 853: "The failure of a party to call a witness may, under some circumstances, and sometimes as a result of express statutory regulation, give rise to an inference that the testimony of such uninterrogated witness would not sustain the contention of the party. In the absence of explanation, the failure to call a witness may create such an inference against such party where the witness is available and where the witness or witnesses possesses peculiar or special knowledge concerning facts essential to a party's case."

The failure of Carla Tom to testify also raises a more important issue than the one above. The appellee is compelled to rely upon presumptions based on proven facts to establish his trespass in Dickens County. 31 C.J.S., Evidence § 114, page 723: "Presumptions are indulged in only to supply facts, and do not arise where the facts are known. Presumptions must be based on some necessity, and the court will not go into the domain of presumptions where direct proof can be obtained." Carla Tom was 7 years of age on the date of the trial

and was an intelligent child of 6 years of age on the occasion of Margaret Ann's death. She was standing beside Margaret Ann at the edge of the pavement on the occasion of her sister's death. Extremely pertinent evidence as to Carla Tom's ability to testify are found in the record. Highway patrolman J. R. Whitmire's testimony developed the following:

"Q. Did you talk to the little sister of the girl? A. Yes, sir.

"Q. Did she claim to have seen the accident? A. Yes, she was standing beside her."

■■ The testimony further reveals that Carla Tom knew the seriousness of the facts occurring before her eyes as her brother testified as follows as to Carla Tom's statements made at the time, "Margaret Ann is killed or something like that." The evidence also shows that Carla Tom, immediately following Margaret Ann's death, ran in to her mother and said, "Mother, a truck has run * * *." Appellee's counsel promptly closed this testimony before completed, as it was his privilege to so do if he saw fit. The facts in evidence strongly indicate a full realization and knowledge on the part of Carla Tom as to the nature of and the seriousness of the facts occurring before her eyes. Whether Carla Tom was competent to testify as to any facts observed was a matter within the sound discretion of the trial court if Carla Tom had been offered as a witness. She was not.

■ It appears to be a sound proposition of law that before any presumptions may be indulged upon facts in this cause that Carla Tom's testimony should be produced or it should be shown in the record that she was not competent to testify. As said in Western Union Telegraph Co. v. Mobley, Tex. Civ.App., 220 S.W. 611, 613, "We do not think a litigant should lose his property or be required to pay his money as damages when his liability for such damages rests only upon inference. Especially is this true when, as in this case, the record shows that the fact necessary to establish liability, if it existed, was within the exclusive knowledge of the opposing party * * *." Christopher v. City of El Paso, Tex.Civ. App., 98 S.W.2d 394, 400: "Presumptions

are based upon some necessity, and in the absence of such necessity they will not be indulged, and courts will not go into the domain of presumptions where direct proof can be obtained."

The facts in evidence in this cause and any presumptions legally drawn therefrom do not establish a trespass committed by appellant in Dickens County, Texas. The judgment is reversed and the cause is remanded to the trial court with the instruction that the case be transferred to Wichita County, Texas, the residence of the appellant.