**Don COSTA, D.D.S., Appellant,**

**v.**

**Freeda STORM, Appellee.**

**No. 01–84–00310–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1984.

Rehearing Denied Dec. 6, 1984.

Kevin Dubose, Ryan & Marshall, Houston, for appellant.

Mary Wimbish, Hollrah, Lange & Thoma, Houston, for appellee.

Before DOYLE, BASS and BULLOCK, JJ.

## OPINION

DOYLE, Justice.

This is an appeal in a dental malpractice case. A jury found the appellant guilty of certain negligent acts and also found gross negligence, and awarded the total sum of $174,000 for actual and exemplary damages. By cross-assignment, appellee requests that this court assess a penalty against appellant for taking the appeal for purpose of delay, pursuant to Texas Rules of Civil Procedure 435 and 438.

This case was originally brought by appellee against the estate of Dr. James R. Smith and the appellant herein. After the close of evidence and immediately before jury argument, counsel for appellee and the Estate of Dr. Smith announced a com-

promise and settlement agreement, and appellee agreed to a take nothing judgment as to Dr. Smith. The jury awarded appellee $49,000 in actual damages and $125,000 in exemplary damages as to appellant. The amount of actual damages was reduced by $6,000 by the court upon a motion by the appellant.

Appellee had been treated by Dr. Smith from 1967 until Dr. Smith died in 1981. In that year, appellee began seeing appellant. Dr. Smith had never disclosed to appellee her deteriorating mouth condition, although the condition began to manifest itself symptomatically just prior to Dr. Smith's death.

Appellee alleged that appellant exacerbated her problems by pulling a tooth and removing crowns without her informed consent and without advice on what she might expect from this work. She also alleged that inadequate treatment and failure to refer work out on an abcess condition caused prolonged infection and excessive drainage. Appellant argues that appellee's injuries were the results of a lifetime of poor dental hygiene and ineffective dentistry.

Of appellant's twenty-three points of error, twenty are directed toward the sufficiency of the evidence to sustain the jury's findings on negligence and gross negligence.

 In weighing the sufficiency of the evidence, the evidence must do more than create suspicion and must be strong enough to warrant a reasonable belief of the existence of the fact being established. *Freeman v. Chick*, 252 S.W.2d 763, 765 (Tex.Civ.App.—Austin 1952, writ dism'd). The nature of the fact to be established and the character of proof available should be considered when weighing the sufficiency of the evidence. *Id.*

The first fact that appellee sought to establish was that appellant's treatment kept the gum around her second molar in an infected condition for 8½ months, which resulted in physical pain and mental anguish. In points of error 1 through 4,

appellant alleges insufficient evidence to support the jury's findings of negligence and proximate cause in appellant's treatment of this area and failure to refer appellee to a specialist.

Appellant's dental experts provided the proof purporting to establish this fact. Appellant testified that appellee came to him with an infected tooth and infected gum; when she left his practice 8½ months later, the gum was still infected and the tooth was probably infected. Dr. Markoff, the dentist appellee began to see when she left appellant's practice, testified that both the gum and the bone, and not only the tooth, were infected. He further testified that she had a bad odor and a bad taste in her mouth. Dr. Markoff and Dr. Presswood, appellee's experts and appellant's expert, Dr. Bell, testified that appellant's salt and soda treatment of this area was below community treatment standards.

 Appellant argues that there was no need to refer appellee to a specialist, because the infection in this area was clearing up. The last time appellant treated appellee was on May 11, 1982; she saw Dr. Markoff on May 18, 1982 and he testified that her gum had a great deal of infection present. All of the experts testified that where an infection is not improving, the prudent general dentist should refer the patient to a specialist. According to Dr. Markoff, chronic gum infection over a long period of time eats away the bone around the tooth.

There was also extensive testimony concerning the manner of fitting and applying a temporary upper acrylic splint and the failure to refer appellee to a specialist. This splint was used as a temporary replacement for crowns on Mrs. Storm's six front teeth.

Again, we must look to the nature of the fact to be established and the character of the proof. The testifying dentists agreed that the temporary acrylic splint was unstable due to a lack of support from the underlying tooth structure. From the time the splint was cemented in her mouth until she left appellant's care, appellee was left

with very unstable dentistry for approximately 3½ months. The dentists also agreed that a patient should not have been left in such an unstable condition even temporarily.

During this time, appellee had trouble speaking because she could not keep the splint in; she was unable to chew and eat and had to sustain herself on a soft diet; she curtailed her social and civic activities because she was not presentable with teeth falling out of her mouth and cement showing between the teeth.

■ On the point of failure to refer appellee to another dentist for the splint, the only evidence is appellee's testimony that Dr. Markoff made a new temporary splint that was servicable. Appellant offers the argument that his work made it possible for Dr. Markoff to accomplish the stabilization of the splint more quickly. This evidence does not, however, make the jury finding wrong and unjust, particularly when all testifying dentists agreed that a patient of reasonable sensibilities would be upset at being in such an unstable condition.

■ Appellant contends that there is no evidence in the record that it was negligent for him to extract appellee's upper right molar. Appellant testified that he pulled this tooth because Mrs. Storm was in pain and the tooth was fractured. Mrs. Storm testified, however, that she was not in pain and that she went to see Dr. Costa to have him put her crown back on the tooth.

Using a "worst-case" hypothetical because he had not seen this particular tooth, Dr. Markoff testified that it would be below the standards of the ordinary reasonably prudent dentist not to try to save the tooth. Appellant's expert, Dr. Bell, testified that because this was an anchor tooth, he would pull it only as a last resort, even with a fracture. As a result of this extraction, appellee cannot have new removable bridges and partials and will have to have posts surgically implanted to anchor the dentistry.

■ Several of appellant's points of error complain of insufficient evidence to support a finding of gross negligence in appellee's treatment and its proximate cause of injuries to her. Appellant's evidence amounted to simply going over each step of his treatment and offering reasons for each step. Appellee's experts testified that to leave a patient in the condition of appellee for such extended periods indicated an entire want of care or regard for the health of a patient. Further, they testified, this type of lack of care is below community standards. Regarding proximate cause, any negligence that caused injuries, and that also constitutes gross negligence, would also be the cause of the same injuries.

■ Appellant also complains that there is no evidence, or insufficient evidence, to support the jury's awards of damages for future pain and anguish, past dental expenses, future dental expenses, and disfigurement.

We find that there is some evidence for each fact challenged in the points of error concerning the above mentioned damages. Appellee was diagnosed as needing gingival skin grafts, a surgical post implant, and implant surgery, all of which represent future pain and anguish. Evidence of past dental expenses was introduced, which showed that appellee paid appellant $991 for work that had to be redone and replaced. On the matter of future dental expenses, appellee offered evidence which shows the need for surgical implants to have been caused directly by appellant's work. Appellant complains that he did not disfigure appellee in any way. Appellant argues that the only disfigurement appellee had was the exposure of unattractive remnant teeth, which were the result of Dr. Smith's work. For appellee, evidence of disfigurement was proved by her difficulty in communicating due to the loose splint and photographs of her with the dentistry falling out and teeth missing.

■ Expert and lay testimony was offered on each point. Where appellant alleges no evidence or insufficient evidence

for an award for cosmetic impairment and makes no objection to the court's charge, the record must reveal evidence on the issue of cosmetic impairment. *Texas Farm Products Co. v. Leva,* 535 S.W.2d 953, 958 (Tex.Civ.App.—Tyler 1976, no writ). There is evidence in the record that appellee experienced anxiety and embarrassment because she had to appear at functions in a way that was cosmetically unattractive.

■ Based on the testimony and the reasonable inferences from the facts in evidence, a finding that negligence was the proximate cause of injuries to appellee was justified. Appellee's direct testimony, in addition to that of expert witnesses, indicates that appellant's treatment resulted in injuries beyond those caused by Dr. Smith. *Miller & Miller Motor Freight Lines v. Hunt,* 242 S.W.2d 919, 922 (Tex.Civ.App.—Amarillo 1951, no writ). Appellant's points of error 1 through 20 are overruled.

■ Points of error 21 and 22 complain that the jury awards for damages were excessive. In point of error 21, appellant complains that the award for disfigurement is excessive. On this point, *Texas Farm Products, supra,* again provides guidance. In that case, the court found that the jury could properly award damages for cosmetic disfigurement where physical and mental pain and suffering, and past and future loss of earning capacity were covered in other issues. *Id.* at 959. Further, the burden of establishing that damages are excessive is on the party complaining, and the jury findings will be upheld if there is evidence to sustain the award. *Id.* To negate the award, there must be some indication of bias or prejudice in the record. *Union Bottling Co. v. McDaniel,* 546 S.W.2d 876, 880 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). The jury has wide discretion in fixing the amount of the award, and the appellate court is not to merely substitute its judgment for that of the jury. *Id.* In this case, appellant simply makes the statement of bias or prejudice, without offering evidence to prove the allegation. By point of error 22, appellant complains that the award for

punitive damages is excessive. It is established law that exemplary damages must be reasonably proportioned to actual damages although there is no set rule on what is reasonable. *Alamo National Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). Factors to consider in determining whether an award of exemplary damages is reasonable include (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *First Security Bank & Trust Co. v. Roach,* 493 S.W.2d 612 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.).

■ All parties and witnesses readily acknowledged that Dr. Smith's care of appellee's dental problems were a definite factor in the present poor condition of her mouth. She proved that appellant inflicted a wrong on her by prolonging the bad condition of her mouth and permitting further deterioration. Expert witnesses testified that allowing such conditions to exist over these periods of time is below community standards. Conduct of an ordinary reasonably prudent dentist is certainly the standard by which appellant's conduct is to be measured. Further, there was testimony that appellee was not unreasonable in being upset by the length of time involved in clearing up her discomfort.

■ The rule regarding an exemplary damages award alleged to be excessive is expressed in *Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.):

The question of the measure of exemplary damages comes under the general rule that, where the law furnishes no legal measure of damages and they are unliquidated, the amount to be awarded rests largely in the discretion of the jury; and unless the award is so large as to indicate that it is a result of passion, prejudice or corruption, or that the evidence has been disregarded, the verdict

of the jury is conclusive and will not be set aside as excessive, either by the trial court or on appeal. *Id.* at 692.

On the requirement of reasonable proportionality, a ratio of the award of exemplary damages to actual damages of 3.3 to 1 was held to be not unreasonable in *Bank of North America v. Bell,* 493 S.W.2d 633 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Appellants herein are complaining of damages where the ratio is approximately 2.9 to 1. We overrule points of error 21 and 22.

Point of error 23 alleges reversible error due to improper jury argument. Appellant complains that the court allowed counsel for appellee to argue to the jury on pain and suffering and punitive damages in rebuttal when counsel failed to fully open by addressing these issues in his initial argument. Appellant cites T.R.C.P. 269 and *Continental Bus System, Inc. v. Toombs,* 325 S.W.2d 153 (Tex.Civ.App.—Ft. Worth 1959, writ ref'd n.r.e.) as support for this argument.

Texas Rules of Civil Procedure 269(b) states that in the concluding argument, counsel is limited to replying to the counsel on the other side. This rule further states that counsel who opens must present his whole case. *Continental Bus* requires that the whole case be presented in the opening argument, but there is no error if the whole case is not fully discussed in the opening argument. *Continental Bus,* 325 S.W.2d at 163. This decision gives discretion to the trial judge to determine whether argument in a suit for damages has been fully opened as to damages. *Id.* Further, to complain of error on this question, the complaint must be that there was an abuse of judicial discretion. *Id.* There is no mention of abuse of judicial discretion in appellant's point. Point of error 23 is overruled.

Appellee, in her counterpoint, argues that appellant has taken this appeal for reasons of delay and should be assessed a penalty pursuant to Tex.R.Civ.P. 435 and 438. There is no evidence in the record that the appeal is groundless, frivolous and for delay only. In order to impose a penalty, the record must show that appellant had no reasonable ground to believe the judgment would be reversed. *Beago v. Ceres,* 619 S.W.2d 293, 295 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). It was reasonable for appellant to believe that the insufficiency of evidence points would be sustained. The appellee's counterpoint is overruled.

The judgment of the trial court is affirmed.