### SAN ANGELO PROGRESSIVE LOCAL MUT. AID ASS'N v. KEEL.

### No. 1065.

Court of Civil Appeals of Texas. Waco.

May 28, 1931.

Rehearing Denied July 9, 1931.

Upton & Upton, of San Angelo, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellee.

BARCUS, J.

This is an appeal from an order of the trial court overruling appellant's plea of privilege. Appellant is a corporation, with its principal office and place of business in Tom Green county. Appellee for cause of action alleged that he held a certificate of insurance issued to him in 1925 by the San Angelo Progressive Local Mutual Aid Association, an unincorporated company, that in 1929 said Mutual Aid Association was duly incorporated, and that it did thereafter in December, 1929, cancel said policy. He alleged that said insurance policy provided for payment to him of $2,000 in case of total disability, that he had become totally disabled before the policy was canceled, and that by reason of said cancellation he had been damaged $2,000.00, for which he sued the corporation.

Appellant filed its plea of privilege in statutory form. Appellee filed what he claims is a controverting affidavit. Appellant contends that the controverting affidavit as filed by appellee was not sufficient because it was not properly verified, and he contends the trial court erroneously permitted appellee to amend his controverting affidavit. In view of our disposition of the case, we do not deem it necessary to, and we do not, pass on these propositions.

Appellant further contends that the trial court committed error in overruling his plea of privilege because there was no evidence to support the controverting affidavit as filed by appellee. We sustain this proposition.

Appellee testified as a witness for himself. The only testimony relative to his physical condition was his statement: "My health is not as good now as it was when I first got the original policy" (in 1925). He did not claim to be either partially or totally disabled under the terms of the policy; neither did he testify that he had attempted to get any additional insurance or that he had been in any way damaged or injured by reason of the alleged cancellation of his insurance certificate. The law is well settled that, before the trial court is authorized to overrule a statutory plea of privilege, the plaintiff in the trial court must file a controverting affidavit showing jurisdiction in said court, and must by evidence establish a prima facie showing that he has a bona fide cause of action, and that the trial court has jurisdiction to hear and determine the cause. Article 2007, Revised Statutes; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765; Austin v. Bearden (Tex. Civ. App.) 18 S.W. (2d) 857; Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845.

The judgment of the trial court is reversed, with instructions to the trial court to transfer the case to Tom Green county.