## PANHANDLE & S. F. RY. CO. v. FLOYD et al.
## SAME v. REDMAN et al.
### No. 3062.

Court of Civil Appeals of Texas. El Paso. Oct. 11, 1934.

Rehearing Denied Nov. 1, 1934.

Terry, Cavin & Mills, of Galveston, and Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Clyde E. Thomas and Martelle McDonald, both of Big Spring, and Joseph A. Beyers, of Crane, for appellees.

WALTHALL, Justice.

These two suits were consolidated and tried together as one suit, and came to this court on appeal from an order of the trial court overruling appellant's pleas of privilege.

The alleged liability of appellant in each case is the same, and is predicated upon two drownings which occurred at the same time and under the same circumstances in Irion county, Tex., on July 2, 1932.

It is alleged, in substance, that at the time mentioned appellant was and is a railroad corporation, and as such owns and operates a railroad through Irion and Crane counties; that appellees sustained the injuries complained of "because of the failure of the appellant to maintain sluiceways and culverts in its railway embankment and dump at a certain point, in Irion County, of a sufficient size as is required by the drainage area which these culverts drain and as required by the elements entering into the drainage requirements," and "because the defendant railway company (appellant) maintains a nuisance and watertrap dangerous to the travelers that used the Barnhart-Mertzon Highway, running along on the North and the drainage side of the said railway." It is further alleged, in substance, that appellant built the embankment (the railroad roadbed upon which its trains were operated) a distance of more than two miles, with three culverts of insufficient size to drain the water

coming down against said embankment from the north side in flood times. The petition at much length describes the three or four mile slope of the land on the north side of the railroad embankment, and the way the water in flood time would collect from the drainage territory and flow along the north side of said railroad and over said state highway No. 99, extending along the embankment on the north side because of insufficient culverts or sluiceways under said embankment to carry the water under the said railroad embankment. The effect of the statement in the petition is that in constructing its roadbed at the place stated appellant was negligent in not providing culverts or sluiceways in sufficient number and size to let the flow of water pass under said embankment in sufficient volume, and that by reason thereof the flood waters were caught and detained in such great quantity as to overflow and did overflow the said state highway, and cause the deaths and resultant damage complained of.

As a direct result of the matters above stated, it is alleged, and the uncontroverted evidence shows, that appellees, Arthur Redman and wife, Mrs. Arthur Redman, and A. S. Floyd and wife, with their baby, were traveling along said highway, in the nighttime, and were caught by the great and sudden accumulation and flow of water coming down against said railroad embankment and overflowed said highway; that Mrs. Redman and the Floyd baby were drowned in said flood waters. The injuries complained of in the two suits are the damages sued for, alleged to have been proximately caused by the failure of appellant, in the construction and maintenance of said embankment, to leave sufficient opening at trestles or sluiceways to permit the flow of water as is required by the natural lay of the land, at that point, for the necessary drainage thereof.

In due time appellant presented its pleas of privilege to be sued in Potter county, Tex. Appellees each presented controverting pleas. The trial court heard the evidence on the pleas and the pleas were each overruled, to which rulings appellant excepted, gave notice of appeal, and filed its appeal bond.

## Opinion.

Appellant presents two propositions, but in legal effect only one proposition: They are to the effect that appellees failed to establish a prima facie cause of action against appellant based upon the facts alleged by them in their petition and controverting affidavit, in that there was no showing whatsoever by any evidence of the existence of the facts pleaded or of any duty upon the part of appellant either to build or to maintain the culverts and sluiceways in question.

The trial court found, in substance and effect, that appellant maintained and operated said railway on the roadbed which it was using without constructing or maintaining the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof, and that the operation of said railway on said roadbed without constructing such necessary culverts or sluices as the lay of the land requires for the necessary drainage was negligence as a matter of law, and, having found other facts which show the death by drowning in said flood waters of Mrs. Redman and the Floyd baby, and under the circumstances as pleaded by appellees and as the evidence shows, the court overruled the appellant's pleas of privilege.

The statutes of this state, article 6328, provide that: "In no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires, for the necessary draining thereof."

There is no provision in the statute that requires the railroad company to maintain the sluiceways after they are constructed.

If appellant constructed the railroad or the roadbed of the railroad in question, it was its duty under the statute, and as pleaded by appellees, in constructing the roadbed. to provide the necessary culverts or sluices as the necessary lay of the land requires for the necessary drainage, and a failure to do so would be negligence in the railroad so failing.

Appellees' petitions apparently were framed with the idea of charging the appellant with constructing the railroad in question without providing the necessary sluices, as provided by the above-quoted statute, and with charging the appellant with failure to maintain sluices in its railway of sufficient size as is required by the drainage area, and that the building of the embankment without such sluices, and the failure to maintain sluices of sufficient size, would be a failure to perform a duty as a railroad corporation, and negligence.

Without quoting the evidence at length, we think the undisputed evidence, and upon which the trial court made no finding, shows the following:

The right of way, the roadbed, and the physical property of the railroad in question is owned by the K. C., M. & O. Railway Company of Texas. The K. C., M. & O. Railway.

Company of Texas is a railroad corporation, incorporated under the laws of this state for the purpose of owning and operating railways, and a separate and distinct corporation from appellant, and is still alive, with its own officers and agents. Appellant runs its trains over the roadbed of the K. C., M. & O. Railway Company's said roadbed under some written arrangement the character of which is not shown.

■ The evidence does not disclose who constructed the said roadbed or embankment of the railroad in question over which appellant was operating its trains, nor does the evidence disclose who constructed the sluices or culverts in question under said embankment. Where the undisputed evidence shows, as here, that the K. C., M. & O. Railroad Company owns the railroad properties in question, and contracts to appellant the right to operate its trains over the railroad, the terms of the contract not being disclosed, we think we may not assume that it was a part of the contract or duty that appellant should reconstruct the sluiceways under said embankment and enlarge them as the natural lay of the land requires for its necessary drainage, but we think it would naturally follow, in the absence of any evidence to the contrary, that, the duty to properly construct its railroad and sluiceways being primarily with the owner, it would follow that the duty would remain with the owner until the contrary is shown.

■ In the absence of any evidence to the contrary, we think appellant could presume that the owner in constructing its railroad had performed its statutory duty in properly constructing the sluiceways. The owner of the railroad, we think, remains responsible for the discharge of its duty to the public, and may not relieve itself of such duty or pass that duty to another by merely contracting the right to operate trains over its line of railroad.

The injuries and damages complained of here were not caused by the operation of appellant's trains, nor anything connected with the use made by appellant of the railroad, the embankment, or sluiceways.

■ The evidence does not show, we think, that appellant, by operating its trains over the railroad, was maintaining, or had assumed to maintain, the sluices under the railroad. Appellant could not be held liable for injuries resulting from maintaining the insufficient sluices, unless it is shown that it constructed such sluices, or was under some

duty to repair them to such capacity as the lay of the land requires. Lucas v. St. Louis & S. Ry. Co., 174 Mo. 270, 73 S. W. 889, 61 L. R. A. 452, and cases cited.

■ It is not proper on a plea of privilege hearing to try the case on its merits, but it is incumbent upon the plaintiffs, appellees here, after the pleas of privilege have been filed, to file a controverting affidavit showing jurisdiction in said court, and must, by evidence, establish a prima facie showing that they have a bona fide cause of action, and that the trial court has jurisdiction to hear and determine the cause.

Article 2007, Rev. Civ. Statutes; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765; San Angelo P. L. M. A. Ass'n v. Keel (Tex. Civ. App.) 40 S.W. (2d) 858.

■ For the reason that appellees have not shown a bona fide cause of action against appellant, it was error to overrule appellant's pleas of privilege to be sued in Potter county, the place of appellant's residence.

The case is reversed, and judgment rendered, transferring the two cases to Potter county to be there tried upon the merits.