## CISNEROS v. THOMPSON.

### No. 11518.

Court of Civil Appeals of Texas. San Antonio.

May 31, 1945.

Herbert Oliver, of San Antonio, and Arnold W. Franklin, of Jourdanton, for appellant.

Davis, Hall, Clemens & Knight, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order sustaining appellee's plea of privilege to be sued in McMullen County, where he re-

sides. Exception 9 of Article 1995, Vernon's Ann.Civ.Stats., is involved.

Briefly stated, the facts are as follows:

On the morning of February 16, 1944, appellee, Arthur Thompson, stopped at the Meyers Filling Station, located in Jourdanton, Atascosa County, Texas, and purchased some gasoline for the automobile he was driving. Some twelve to fourteen feet beyond the place where Thompson stopped his car there was a water meter box owned by the Central Power and Light Company, a public utility corporation. This box was built into the sidewalk and directly in the line of the driveway used by motorists in entering and leaving the filling station. Delores Cisneros, an employee of the utility company, was engaged in cleaning this water meter box. He was down on his hands and knees with his face about four inches from the meter box when Thompson started his car moving forward and struck him. It seems that after Thompson had paid the filling station attendant for some gasoline, he got into his automobile and proceeded to drive out of the filling station when he collided with Cisneros.

There are no findings of fact and conclusions of law in the transcript, and we therefore presume that the trial court made all findings having support in the evidence so as to support the judgment rendered.

In view of this rule, the order of the trial court will not be reversed unless it can be said that, as a matter of law, the evidence shows that Thompson committed either a crime or a trespass in Atascosa County. In our opinion the evidence does not conclusively show the commission of either a crime or a trespass within the meaning of the venue statute.

The evidence is sufficient to support a finding, which we must assume the trial court made, that Thompson did not wilfully injure Cisneros. Appellant says that Thompson did not testify directly that he did not see Cisneros before he started his automobile, but there is evidence from which the trial court could have drawn the inference that Thompson was unaware of Cisneros' position in front of the car when he attempted to leave the station.

This brings us to a consideration of whether or not Thompson was negligent in attempting to drive his car from the station and failing to see that Cisneros was in a kneeling or reclining position in front of the car. Appellant in effect argues that no other theory except negligence will explain Thompson's failure to discover Cisneros' position immediately prior to the collision. On the other hand, it must be conceded that it is unusual for a person to be kneeling within a passageway of a gasoline filling station while the same is being used for the servicing of automobiles. Ordinarily, a motorist does not anticipate that some person may be kneeling or lying in front of his automobile when he prepares to leave a filling station, especially when, as in this case, no sign was posted or warning given that someone was working or making repairs in and about the driveway. We think the question of whether or not Thompson was negligent was one of fact and not of law upon the record presented here. The trial court's finding upon the point is therefore binding upon us.

Appellant cites the case of Clay v. Moore, Tex.Civ.App., 175 S.W.2d 433, 434, wherein it is said that: "It is never necessary for a venue fact to be proven with exact certainty, as in trial on the merits; prima facie proof being sufficient. If the evidence fairly raises the issue, a judgment may not be disturbed because the party on whom the burden rests may have established by other and better proof the controversial venue issue." Clay v. Moore is, however, distinguishable from this case in that here the trial court's ruling was adverse rather than favorable to the appellant who had the burden of proving that Thompson was negligent. In this case the negligence of Thompson was an element of a venue fact, both under the "trespass" provision and the "crime" provision of exception 9, since the provisions of the penal code relied upon by appellant make wilful intent (hereinabove disposed of) or negligence an essential element of the crimes relied upon.

When negligence is an element of a venue fact its existence must be proved by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. There is this much similarity between a trial upon a plea of privilege and a trial upon the merits. If the evidence would not justify the giving of a peremptory instruction that Thompson was negligent upon a trial of the merits, then such evidence upon a plea of privilege hearing would not authorize this Court to set

aside the trial court's implied finding that Thompson was not negligent, and find that he was negligent as a matter of law. "On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties." Compton v. Elliott, 126 Tex. 232, 241, 88 S.W.2d 91, 95.

Generally, a question of negligence is an issue for the trier of facts. It is so in this case.

The order appealed from is affirmed.