**TEXAS & N. O. R. CO. v. ISAAC et al.**

No. 12485.

Court of Civil Appeals of Texas. Galveston.

Dec. 11, 1952.

Rehearing Denied Jan. 8, 1953.

Stofer, Proctor, Houchins & Anderson and Conde N. Anderson, of Victoria, for appellant.

H. Cecil Baker, of Rosenberg, Helm & Jones, George E. Pletcher, Shirley M.

* This is pursuant to suggestion of appellees and in accord with, Moore v. Kirgan, Tex. Civ.App., 250 S.W.2d 759.

Helm and Albert P. Jones, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a $20,000 judgment of the District Court of Fort Bend County, Honorable T. M. Gupton, Judge, presiding with a jury, entered in response to the jury's verdict on special issues of fact submitted to it, as for personal injuries so found by the jury to have been suffered by the appellee, Mrs. Isaac, while riding as a passenger on appellant's "Sunset Limited" train, when it struck the rear end of a freight train, also belonging to appellant, on February 11, 1951, near the town of Rosenberg, in Fort Bend County, Texas.

The court itself made no independent findings of fact from the evidence.

On appeal, appellant seeks a reversal of the judgment so adverse to it below upon points of error, which may be boiled down to these:

(1) The undisputed evidence showed that such collision between the Appellant's two trains had not been the proximate cause of Mrs. Isaac's claimed injuries, but that—whatever they were—they had been proximately caused by her own contributory negligence in the circumstances occurring;

(2) "That the injuries, if any, sustained by Plaintiff Mrs. Sylvia C. Isaac, were directly and proximately the result of an unavoidable accident."

In other words, the three over-all defenses the appellant plead to the appellee's declared upon cause of action were:

First, that the train collision was not the proximate cause of the injuries allegedly suffered by Mrs. Isaac;

Second, that Mrs. Isaac had been guilty of contributory negligence;

Third, that the injuries, if any, sustained by her had been directly and proximately the result of an unavoidable accident.

In substantiation of such defenses it cited only these authorities 13 C.J.S., Carriers, § 774; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Republic Underwriters v. Howard, Tex.Civ.App., 69 S.W.2d 584.

None of these presentments, it is determined, should be sustained.

In the first place, such authorities it so alone relies upon seem to this Court to deal with well settled principles of general law that are tangential to the controlling issues of fact and law the record of the appeal presents to this Court;

Section 774 of 13 C.J.S., Carriers, deals with the general rules establishing that "The doctrine of contributory negligence applies as between passenger and common carrier";

The Phoenix Refining Co. v. Tips case, supra, [125 Tex. 69, 81 S.W.2d 61] defines "proximate cause" and "new and independent cause", in a damage suit for injuries against a corporation, as for its negligence;

The Republic Underwriters v. Howard case was a resort to the court, wherein a compensation carrier sought relief from an award of damages to an employee of the gin, whose risk it carried.

But none of these authorities even remotely dealt with a state of facts comparable to the controlling ones in this controversy, nor does any one of them declare any principle of law that is adverse to the action of the trial court in this wholly dissimilar controversy, as applied to the facts controlling it, all of which are either undisputed or at least found by a jury to which the trial court submitted them.

This cause, as presented here, would further seem to be unique in that this Court has been cited to no holding of a court of last resort upon the legal equivalent of precisely the same state of facts as here obtains. Notwithstanding such uniqueness, however, the facts were simple, few in number, and practically undisputed. The appellee, Mrs. Isaac, admittedly was a passenger upon the train of the appellant, known as the "Sunset Limited", at the time of the wreck in the Rosenberg yards of the appellant's line on the morning of February 11, 1951; some seven original pictures of the scene of the wreck, sent up with the record here, show the great force and violence of the impact; the appellee, Mrs. Isaac, simply and without contradiction, testified that she was sitting on her seat by herself with her feet up on the seat imme-

diately in front of her, when, without warning, the two trains crashed together with tremendous violence, throwing her out of her seat; then, on being asked whether she tried to get back into her seat, she answered:

"A. Yes. When I was thrown off, sir, I tried to get back where I came from, I guess.

"Q. Then what happened then? A. That is when I lost my balance, sir; when I was trying to hurry back.

"Q. And that was when you fell? A. That was when I came back, when I was trying to come back and fell back into the window, when I lost my balance.

"Q. And fell into the window? A. Yes, sir."

It was further shown that such fall into the window had caused the major part of her injuries.

The trial court, in great detail, submitted what it conceived to be the controlling questions of fact to a jury, all of which were answered on what this Court deems to have been amply supporting evidence in her favor.

Not only have none of these findings been attacked as lacking sufficient support in the evidence, but the amount of recovery awarded her has not been challenged.

Upon a review of the record, this Court concludes that this was not only a case for the jury, but that the jury's verdict, in the circumstances so given, may not be disturbed upon this appeal. As indicated, the court literally cross-examined the appellee as to the details and the sequences of her actions both before and after she was so thrown off of her seat, and contemporaneously attempted to get back onto it, when she lost her balance, saying in that connection that she was in a hurry to get back into her seat, that she lost her balance and fell backward against the window, because "her feet just did not manipulate right."

The trial court, however, concluded to and did submit to the jury, as an issue of fact, this inquiry as to the quality of the appellee's action, after the collision as she had so testified, to-wit:

"Do you find from a preponderance of the evidence that the personal injuries, if any, suffered by plaintiff, Mrs. Sylvia C. Isaac, were caused in whole or in part by her lack of care in handling her person after the collision made the basis of this suit had occurred?"

To which the jury answered, "No." There was, as recited supra, no controversion of this testimony whatever.

Appellant's contention for contributory negligence—in the face of such overwhelming showing to the contrary—is, in this Court's opinion, not supported either by fact or law; it is one thing to define the well-settled principles of contributory negligence in abstract terms, and quite another to apply them to concrete states of fact, which are not susceptible to such a construction; that, it is determined, is the situation here; there was no time nor circumstance within which the appellee was in a position to, by reflection, appraise her own conduct, and determine what she had better do, when, within the twinkling of an eye, she found herself on the floor, out of balance, and unable to control her feet, or other movements.

In other words, she apparently so found herself to have been visited by the effects of an indivisible tort upon the part of the appellant, with no discernible alternative left her, except to follow an instinctive and innate urge to protect herself, which she attempted to do, in the manner she testified to.

The over-all question of law so presented to this Court seems to it not to have been directly decided by the courts of Texas, or of its neighbors, in any of the citations made in the briefs for either party; but the decisions of our Texas Supreme Court, in the cases of Goolsbee v. Texas & N. O. R. R. Co., 149 Tex. 445, 234 S.W.2d 407, and Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, seem to be at least persuasive.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.