**R. B. SMITH, Inc., Appellant,**

v.

**W. E. MERRITT & SONS, Appellee.**

**No. 4965.**

Court of Civil Appeals of Texas.

Beaumont.

March 17, 1955.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Frederic B. Trimble, Orange, Byron R. Tinsley, Orange, for appellee.

PER CURIAM.

This is an appeal from an order overruling a plea of privilege in the district court of Orange County.

Appellee Merritt sued appellant R. B. Smith, Inc., and the City of Orange for damages for loss of business at his shop in Orange, alleged to have been caused by unreasonable delay in completing the paving of the street in front of his place of business.

Appellant filed its plea of privilege to be sued in Harris County, its domicile. Appellee duly controverted this plea, seeking to retain venue in Orange County under the provisions of subsections 4 and 23 of Article 1995, Vernon's Annotated Civil Statutes of Texas.

Appellant contends that on the hearing on the controverting plea, the appellee failed to discharge his burden to prove a case against the resident defendant, City of Orange, or to allege a case against appellant, as to subsection 4, supra. It also contends that appellee failed to discharge its burden to prove a case against appellant under subsection 23, supra.

Appellant was in the road building business, and under a contract with the State Highway Department was engaged in building a highway from a point in Orange, the intersection of Green Avenue and Navy Street, to a point a little over two miles away, outside the city limits of Orange. Merritt's place of business was facing Navy Street, in the block where Navy and Green Avenue intersect. City of Orange entered into a contract, agreeing with the State Highway Department that the State Highway Department would build the highway there, and agreeing to indemnify it against loss for damages to adjoining or abutting properties, for which the State might be liable.

In accordance with its contract, appellant closed and barricaded Navy Street at the intersection with Green Avenue. It began construction of the two mile section of highway as a unit. High tides arose, and delayed the work. Then, the Sabine River went into flood, stage, with waters rising to the greatest height that the records of the area ever showed. The City of Orange was threatened by flood, and the river was kept in its bank and out of Orange by piling some 200,000 bags of sand and earth along its west bank, along and near Navy Street. Navy Street is near the river bank. It required some time and additional effort by appellant to clear up this situation and resume work on the paving project. The resident engineer for

the State Highway Department testified that under the circumstances there was no unreasonable delay, and that appellant was ahead of his schedule of work completion.

■ The City of Orange had the right to permit the State Highway Department, acting through appellant, to construct the highway and close the street. The inconvenience and damages that an adjoining or abutting property owner suffers from such temporary obstructions in the street are incident to city life and must be endured. The law gives him no right to relief, recognizing that he recoups his damage in the benefit which he shares with the general public in the ultimate improvement which is being made. The law, however, does afford him relief, if the City or contractor interferes with the highway without authority, or, if acting legally, prolongs the work unnecessarily or unreasonably. L-M-S, Inc., v. Blackwell, 149 Tex. 348, 233 S.W. 2d 286, quoting Farrell v. Rose, 253 N.Y. 73, 170 N.E. 498, 68 A.L.R. 1505.

■ We believe that the appellee failed to show on the hearing on the plea of privilege that there was an unreasonable or an unnecessary prolongation of the work on this highway by either the City of Orange or the appellant. All the evidence is to the contrary. This was fatal to his effort to retain venue as to the appellant in Orange County under either one of the sections of the venue statute, Art. 1995, Vernon's Annotated Civil Statutes of Texas, subsections 4 or 23. Under subsection 4, he was required to make such a showing against the City of Orange, the resident defendant. Under subsection 23, he was required to so do against appellant, to show that he had a cause of action arising in Orange County against appellant, a corporation with an agent in that county.

We believe that appellant's plea of privilege should have been sustained by the trial court. The facts were fully developed as to the cause of the delay in completing the paving work, and no good purpose would be served by remanding the case for a new trial.

The judgment is reversed, and judgment is here rendered, sustaining appellant's plea of privilege and transferring the case as to appellant to one of the district courts of Harris county.