BURLINGTON INDUSTRIES, Appellant,

v.

Weaver HOLLADAY, Appellee.

No. 7296.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 18, 1963.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Stovall & Stovall, Plainview, (formally of Floydada), for appellee.

DENTON, Chief Justice.

This is a venue case. The appeal is from an order of the trial court overruling appellant's plea of privilege. Appellee, Weaver Holladay, brought this suit in the District Court of King County to recover damages which he alleged to have resulted from a truck collision in that county. Appellant's plea of privilege sought removal of the case to Grayson County, the county of its residence. Appellee filed a controverting affidavit claiming venue in King County under Subsections 9a and 23 of Article 1995, Vernon's Ann.Tex.Civ.St. On a hearing before the court without a jury, the plea of privilege was overruled.

By two points of error appellant urges the trial court erred in overruling the plea of privilege: That appellee failed to prove his cause of action; that appellee failed to prove any negligent act of appellant was a proximate cause of appellee's damages.

Holladay and J. D. Armstead, the truck driver for appellant company, were the only witnesses who testified in the venue hearing. The appellant offered no evidence. The testimony of the two witnesses was substantially the same. Holladay was driving his loaded truck in an easterly direction on a two lane paved highway. At a point approximately 20 miles east of Guthrie, Texas, in King County, Holladay was passed by Armstead in appellant's truck. After Armstead had passed Holladay the passing truck pulled back in front of Holladay at a close distance—some 10 or

15 feet—and the speed of the Burlington truck was then decreased. Holladay testified the rear clearance lights of the Burlington truck then came on and he immediately applied his brakes. In an effort to prevent hitting the truck ahead Holladay pulled to the left, and as he did so a second truck owned by Burlington was in the process of passing him on the left. Holladay then turned back to the right and as he did so his truck struck the left rear of the truck being driven by Armstead. Armstead corroborated most of Holladay's testimony with the exception he denied applying his brakes after passing Holladay, but testified he reduced his speed by removing his foot from the accelerator. He further testified he flashed on his clearance lights as a courtesy gesture to Holladay for having permitted him to pass. In other material respects the testimony of both witnesses was similar.

■ In order to maintain venue when a defendant has filed a plea of privilege, the plaintiff is only required to make out a prima facie case, and if the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence offered by the defendant, then it is proper to overrule the plea of privilege. Austin Road Co. v. Willman, (Tex.Civ.App.), 303 S.W.2d 878; Plains Transport, Inc. v. Parker, (Tex.Civ.App.), 359 S.W.2d 556, (Error Dismissed).

■ Appellant further contends the evidence was insufficient to prove either Armstead or the driver of the second truck of appellant was the agent of the appellant company. Armstead testified the trucks belonged to Burlington Industries and that he was an employee of that company on the occasion in question. This testimony, coupled with the evidence the trucks bore a printed sign "Burlington", is sufficient in the absence of any proof to the contrary to prove the agency of Armstead. Austin Road Co. v. Willman, supra; Archie Lacy Truck Lines v. Smith, (Tex.Civ.App.), 350 S.W.2d 216.

Under the evidence presented, we are of the opinion the trial court properly held that the plaintiff below proved a cause of action under the provisions of Section 9a, Article 1995. Heldt Bros. Trucks v. McCollum, (Tex.Civ.App.), 293 S.W.2d 214; Trevino v. Thomas, (Tex.Civ.App.), 317 S.W.2d 247.

The judgment of the trial court is affirmed.

Affirmed.