**CEMENT TRANSPORTS, INC., Appellant,**

**v.**

**Nicanor MENCHACA et al., Appellees.**

**No. 16852.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 6, 1967.

Rehearing Denied Nov. 3, 1967.

Kelly, Morris, Walker & Maynard, and Jearl Walker, Fort Worth, for appellant.

Spurlock & Schattman, and R. G. Guthrie, Fort Worth, for appellees.

## OPINION

RENFRO, Justice.

Suit was brought in Tarrant County by Nicanor Menchaca and Joshua Menchaca against Cement Transports, Inc., and Garland L. Garrison for damages for personal injuries sustained by Joshua in an intersection collision between a station wagon driven by Frank Menchaca and a cement truck owned by the defendant Cement Transports, Inc., and driven by defendant Garrison.

It was stipulated that Garrison, a resident of Tarrant County, was at the time of the collision in the course and scope of his employment with Cement Transports, Inc.

Cement Transports, Inc., has appealed from an order overruling its plea to have the case as to it transferred to Dallas County, the County of its residence.

Its appeal is based on its contention there was no evidence, or insufficient evidence, whereby suit could be maintained against it in Tarrant County under any exception to the venue statute, Article 1995, Vernon's Ann.Tex.Civ.St.

The accident occurred about 7:30 P.M., April 23, 1963, in the intersection of N.E. 28th Street and Decatur Avenue in the City of Fort Worth.

Garrison was traveling west on N.E. 28th Street. The Menchacas traveled east on N.E. 28th until they reached Decatur Avenue, at which point they turned north on Decatur with a resultant collision between the cement truck and plaintiffs' car in the north portion of the intersection.

Plaintiff Joshua Menchaca was seated on the passenger side of the automobile trying to find a suitable program on a radio which he was carrying on his lap. He did not see or hear the truck. He did not know what happened.

Frank Menchaca, driver of the automobile, stopped for a red signal light at Decatur Avenue. When he "looked up" the light had turned green, and he turned left onto Decatur Avenue. He had no conscious recollection of having seen any kind of vehicular traffic approaching from the east. He did not know he had been in an accident until some one told him after he regained consciousness some time later.

Defendant Garrison testified he was traveling west on N.E. 28th Street in his proper traffic lane. He was traveling 30 miles per hour. He braked his truck in case the green light at the intersection changed before he reached it. The light continued green. In his words, "Well, I was coming down to the light and they were coming meeting me, and they turned in the island and made a left turn right in front of me. I mean, that's just the way it was."

The witness Rangel testified that while he was traveling west on N.E. 28th Street about eight blocks east of Decatur Avenue, defendant's truck passed him going west. The truck was traveling about 40 miles an hour in a 35 mile per hour speed limit zone. He was traveling about 30 miles per hour. He was three blocks behind the truck when it reached Decatur Avenue. He was asked, "You can not judge what the speed of the truck was as the truck approached Decatur Avenue, can you?" He answered, "Well, I can't tell because it was three blocks away. I don't know that one." The truck stayed in its "line" all the way, that is, the left lane for

west bound traffic. He did not see plaintiffs' car before the collision. He saw nothing unusual before the vehicles collided. "Well, nobody was in the highway but us."

█ In our opinion plaintiffs did not produce sufficient evidence of probative force to make out a prima facie case of negligence and proximate cause against defendant Garrison. Thus, having failed to prove a cause of action against Garrison, they could not maintain venue in Tarrant County as to Garrison's employer, the appellant herein.

█ It is readily apparent from the record that the venue facts were not fully developed on the hearing. Therefore, we reverse and remand rather than render judgment. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593 (Tex.Sup., 1936); Sands v. Jones, 415 S.W.2d 724 (Tex.Civ.App., 1967, no writ hist.).

Reversed and remanded.