**SOUTHWESTERN TRANSFER COM-PANY, Inc., et al., Appellants,**

v.

**B. H. SLAY et ux., Appellees.**

No. 7146.

Court of Civil Appeals of Texas, Beaumont.

May 28, 1970.

---

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellants.

Wyckoff, Russell & Dunn, Houston, for appellees.

KEITH, Justice.

The appeal is from an order overruling defendant's plea of privilege to be sued in El Paso County. Plaintiff, proceeding in a southerly direction on U. S. Highway 59, a four-lane highway in San Jacinto County, was approaching a railroad underpass. A truck proceeding northerly was also approaching the underpass. Suddenly, there was a tremendous explosion, accompanied by a loud noise and the air was filled with debris and dust. A fork lift machine being transported upon the truck had been thrown to the road behind the truck; it bounced, hitting the esplanade, bounced again and landed in plaintiff's lane. In his defensive maneuver seeking to avoid direct contact with the fork lift, plaintiff swerved to his left across the raised esplanade separating the opposing lanes of traffic, thereby sustaining injuries for which he brought suit. Plaintiff's car was struck by a piece of the flying debris from either the truck or the fork lift, although

he did succeed in avoiding a collision with the main body of the fork lift itself. Upon cross-examination, plaintiff said that he saw the truck hit the structure of the underpass, but the next question and his answer thereto is probably a more accurate statement:

"Q. You didn't know what hit the overpass, did you?

"A. Well, all I saw was a bunch of dust and debris flying through the air."

Plaintiff had pleaded in his amended petition that Southwestern and its driver, Kent,[1] were guilty of negligence in (1) "allowing the truck load to come in contact with the underpass;" (2) Kent was an incompetent driver and Southwestern was guilty of negligence under the doctrine of negligent entrustment; (3) Kent was guilty of negligence as a matter of law in violating the provisions of § 3, Article 827a, Penal Code; and (4) in the alternative, gave notice of intent to rely upon the doctrine of res ipsa loquitur. The plea of privilege was in proper form and the controverting affidavit sought to maintain venue under the provisions of Subdivisions 9a, 23, and 29a, Article 1995, Vernon's Ann. Civ.St.

■ Through requests for admissions of fact served under Rule 169, plaintiff established that Kent was operating a truck on the date in question which was owned or leased by Southwestern, with the knowledge and consent and as the employee or agent of Southwestern in the course and scope of his employment. Through interrogatories propounded under Rule 168, plaintiff established the fact that Kent, on the occasion in question, was transporting a fork lift from Houston to Dallas.[2] De-

---

1. Although named as a defendant, Kent had not been served with process at the time of the hearing on the plea of privilege and had made no appearance.

2. Plaintiff's requests for admissions Nos. 4, 5, 6, 8, 9, 11, 12, 13, and 14 were neither admitted nor denied categorically, the defendant contending in its answers that al-

though it had received information from its employee, Kent, as to how the accident occurred, such was hearsay as to it and consequently it was not required to admit or deny the truth thereof under oath. Defendant's contentions are overruled and such requests are deemed admitted for the purpose of this appeal. Ford Motor Credit Company v. Draper, 401 S.W.2d

fendant did not affirmatively deny its corporate status.

■ Trial was to the court and only the plaintiff gave evidence. The court overruled the plea of privilege without filing findings of fact and conclusions of law, so that, in considering the appeal, we honor the rule enunciated in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959):

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment. [Citations omitted.]"

Plaintiff can sustain venue in San Jacinto County only under the doctrine of res ipsa loquitur, and then only under the provisions of Subdivision 23, Article 1995, which imposes a less onerous burden upon him than does Subdivision 9a.[3] There is no real controversy among the parties as to the facts developed on this hearing, their disagreement being confined to the legal consequences resulting from an application of the law thereto. Further, in order to bring our decision into acute focus, we will assume for the purpose of this opinion that plaintiff made out a case for the application of the doctrine of res ipsa loquitur, if such doctrine is applicable in a venue hearing.[4] For the statement of the requisites of this rule of evidence, we refer to Honea v. Coca-Cola Bottling Company, 143 Tex. 272, 183 S.W.2d 968, 969 (1944).

Counsel have not cited, and our research has not developed a case wherein res ipsa

has been the sole basis for the maintenance of venue when challenged by an appropriate plea of privilege. There are a few cases [5] wherein the doctrine has been mentioned, but in each instance the court held that all of the necessary elements for the application of the rule were not established. Our problem is further complicated by the frequent use in venue cases of the phrase "that plaintiff must prove the facts in the usual way," e. g., Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 94 (1935).

None of the authorities which we have consulted indicates that the precise point has been passed upon by our courts. Bearing in mind the many cases emphasizing the valuable right of the defendant to be sued in the county of his domicile, we have concluded that the doctrine of res ipsa loquitur cannot form the *sole basis* for an order overruling a plea of privilege where the plaintiff relies upon Subdivision 23 to maintain venue. So holding, we reverse the judgment and remand the cause.

■ Defendant's plea of privilege, regular in form, was more than a pleading, it was prima facie proof of defendant's right to a change of venue. Rule 86; Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222, 224 (1943). The controverting affidavit which plaintiff filed simply joined the issue on venue, but the burden remained upon him to prove by a preponderance of the evidence that the case was one within one or more of the exceptions mentioned in the general venue

848, 851 (Texarkana Tex.Civ.App., 1966, no writ); but, cf. Reaves v. Brooks, 430 S.W.2d 926, 932 (Amarillo Tex.Civ.App., 1968, error dism.).

3. We confine our discussion to the provisions of Subdivision 23. For the reasons hereinafter stated, plaintiff's reliance upon Subdivision 9a must fail. See in this connection Calhoun v. Padgett, 409 S.W. 2d 890, 892 (Tyler Tex.Civ.App., 1966, no writ). As to Subdivision 29a, there was only one defendant before the court at the time of the hearing and this subdivision was inoperative. See 1 McDonald, Texas Civil Practice (Rev.Ed.), § 4.36, p. 544.

4. See Annotation to be found in 66 A.L.R. 2d 1255, "Applicability of res ipsa loquitur doctrine where objects being transported fall from motor vehicle;" 2 Blashfield, Automobile Law & Practice, § 107.27, p. 521; 12 Blashfield, § 439.11, p. 454, fn. 53. No Texas cases are cited in the texts mentioned.

5. As examples, we point to Big Three Welding Equipment Company v. Reeh, 301 S.W.2d 504, 506 (San Antonio Tex. Civ.App., 1957, no writ), and Keystone-Fleming Transport Co. v. City of Tahoka, 277 S.W.2d 202, 208–210 (Amarillo Tex. Civ.App., 1954, error dism.).

statute. Having chosen Subdivision 23, plaintiff labored under the burden of proving that *a cause of action* arose in such county, not merely a prima facie cause of action. Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 66 (1941); Lloyds Casualty Insurer v. Mc-Crary, 149 Tex. 172, 229 S.W.2d 605, 606 (1950); United Super Markets v. Thomas, 433 S.W.2d 793, 794 (Amarillo Tex.Civ. App., 1968, no writ); 1 McDonald, Texas Civil Practice (Rev. Ed.), § 4.30.2–(I), p. 518.

The doctrine of res ipsa loquitur, long recognized as "merely a rule of evidence" [Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664 (1935)], is incompatible with the venue practice developed in Texas. Judge Taylor, in *Elliott,* supra, has set out the essence of the rule, and we quote this leading authority in Texas:

> "The authorities are not in accord as to the evidential effect of the application of the rule, due in some measure to the use of the terms 'presumption' and 'inference' loosely and indiscriminately. 45 C.J. p. 1198. It is now well settled, however, in this state that in a proper case for the application of the rule the fact of the occurrence warrants an inference of negligence, but does not compel it; that the presumption created by the happening, whether termed a presumption or an inference, is rebuttable. The effect of the application is not to shift the burden of proof to the defendant, but only the burden of going forward with the evidence. It is stated in 45 C.J. p. 1219, that the general rule as affecting burden of proof is that where plaintiff has established a presumptive or prima facie case

of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence.[6]

■ Assuming, arguendo, the applicability of the doctrine to this case upon the merits, its application on the venue hearing is far from being established. At most, the doctrine simply made out a prima facie case of negligence (*Elliott,* supra), which is insufficient to maintain venue in a Subdivision 23 case (*Victoria Bank Case,* supra). Chief Justice Dunagan of the Tyler Court had occasion recently to review the requirement of proof of a cause of action in the case of Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W. 2d 694, 698 (Tyler Tex.Civ.App., 1965, no writ), and his remarks upon the subject are both apt and persuasive here. Commenting upon the fact that in a Subdivision 23 case, plaintiff had the burden of establishing *in fact* a cause of action, Justice Dunagan said:

> "It is not sufficient under this Exception [No. 23] to show merely a prima facie case or merely to introduce enough evidence to raise an issue—the plaintiff must establish by a preponderance of the evidence that he has a 'cause of action' as alleged. [Citations omitted.]"

See also Reaves v. Brooks, supra.

And, we repeat, by the use of the doctrine of res ipsa, the best the plaintiff does is to make out a prima facie case, with a consequent failure to discharge his burden to maintain venue.

6. Although Judge Taylor carefully refrained from making a distinction between "presumption" and "inference" in the foregoing quotation, there is a legally significant difference between the two. See: Page v. Lockley, 176 S.W.2d 991, 997, et seq. (Eastland Tex.Civ.App., 1943) reversed on other grounds, 142 Tex. 594, 180 S.W.2d 616 (1944); Walker v.

Johnston, 236 S.W.2d 534 (San Antonio Tex.Civ.App., 1951, error dism.); Note, 30 Tex.Law Rev. 127 (1951); 53 A.L.R. 1494, supplemented in 167 A.L.R. 658. See also Justice Walker's discussion of a "true presumption" to be found in Sudduth v. Commonwealth County Mutual Insurance Co., Tex., 454 S.W.2d 196 (May 6, 1970).

■ But, there is an even more compelling reason for denying its applicability in a venue hearing: the shifting of the burden to the defendant of going forward with the evidence "to explain, rebut, or otherwise overcome the presumption or inference" caused by the use of the doctrine. In a venue case, the burden always remains upon the plaintiff to overcome the statutory right of the defendant to be sued in the county of his domicile. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466, 468 (1943).

Our Supreme Court in Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951), said:

"The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an *equal doubt between the exception and the rule is to be resolved in favor of the rule*. Stated differently, the application of the exception must clearly appear." (Emphasis supplied.)

■ It has long been clear in the Texas cases that venue may not be sustained by implication. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 612 (1948); Burtis v. Butler Brothers, 148 Tex. 543, 226 S.W.2d 825, 830 (1950). Yet, when the doctrine of res ipsa loquitur is given its full play, it does no more than raise an inference; it does not establish the necessary fact of negligence required to defeat the plea of privilege. It has been said that the doctrine of res ipsa is but a type of circumstantial evidence to which the courts have given a dramatic name. 1 McCormick & Ray, Texas Law of Evidence, § 108, p. 147. But, a fact is established by circumstantial evidence only when it is fairly and reasonably inferred from other facts proved in the case. Larson v. Ellison, 147

Tex. 465, 217 S.W.2d 420, 421 (1949). We do not have our first necessary fact established—we have only a rebuttable inference from which the necessary fact may be deduced. Our courts should not countenance a rule which denies the valued right to be sued in a person's domicile when the necessary fact, i. e., negligence, must be inferred from the mere happening of an accident. For, it is clear, "the occurrence of an accident, or a collision, is not of itself evidence of negligence." Rankin v. Nash-Texas Company, 129 Tex. 396, 105 S.W.2d 195, 199 (1937); Thoreson v. Thompson, 431 S.W.2d 341, 344 (Tex.Sup., 1968); Neuhaus v. Daniels, 430 S.W.2d 906, 909 (Amarillo Tex.Civ.App., 1968, error dism.).

■ The net effect of the two competing doctrines in this venue case has resulted in a procedural impasse which plaintiff cannot surmount. Defendant's plea of privilege created a prima facie right to a transfer of the cause until such time as plaintiff overcame such right by pleading and proof. Plaintiff, through the use of the doctrine of res ipsa, proved only a prima facie cause of action. We are admonished by *Goodrich*, supra, in the case of an equal doubt between the right to the transfer and the exception, to resolve the doubt in favor of the transfer.[7] Plaintiff's prima facie proof of a case is, therefore, insufficient to overcome defendant's prima facie right to the transfer. Plaintiff having failed to prove a cause of action, the trial court erred in overruling defendant's plea of privilege. R. B. Smith, Inc. v. W. E. Merritt & Sons, 277 S.W.2d 801, 802 (Beaumont Tex.Civ. App., 1955, no writ); Ideal Banking Company v. Boyd, 417 S.W.2d 613, 618 (Tyler Tex.Civ.App., 1967, no writ).

Justice Stephenson, in his able dissent filed in this case, cites a long list of cases, more than thirty in number, for the propo-

7. For a discussion of the consequences of the conflicting presumptions, see 1 McCormick & Ray, Texas Law of Evidence, § 54, pp. 66–68, wherein it is said that Texas cases are to be found in the group wherein it is held that when two presumptions conflict, the one which rests upon the stronger and weightier reasons should prevail.

sition that plaintiff is required to prove only a prima facie case on a venue hearing. An examination of this series of cases shows that they run the gamut of the exceptions set forth in Article 1995. Most, if not all of those cited, do use the phrase "prima facie" case in speaking of the plaintiff's burden. Only three of the cases so cited can have any possible application to the case as presented in the majority opinion.[8] Each of these cases involves the so-called "branded vehicle doctrine"; and, since the *Willman Case* (involving § 9a) cites the earlier and is cited by the later case, we will confine our discussion to it. It was a rear-end collision wherein the court, after setting out some of the evidence, including admissions by the defendant driver, commented that the evidence of the physical facts authorized the trial court to infer that plaintiff was in its proper lane and was sufficient "to raise issues as to one or more of the thirteen acts of negligence alleged by plaintiffs." (303 S.W.2d at p. 880) The portion of the opinion bearing on the one at the bar relates to the evidence of ownership of the vehicle and the course and scope of employment of the driver. Using the branded vehicle doctrine, Justice Renfro then said:

"Under the authorities, the above evidence, uncontradicted and unexplained by defendant, raised the presumption that the Austin Road Company owned the truck and that defendant Williams was operating said truck in the course of his employment for defendant Austin Road Company. [Citations omitted.]" (303 S.W.2d 880)

For a more extended discussion of this doctrine of the branded vehicle, see the recent case of Kimbell Milling Company v. Marcet, 449 S.W.2d 100, 103–104 (San Antonio Tex.Civ.App., 1969, no writ). In *Marcet*, defendant was not able to overcome the presumption as did the defendant

in Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, 767 (1940).

■ In the leading case on the subject of the branded vehicle doctrine, it is said that the "presumption is not evidence but rather a rule of procedure or an 'administrative assumption'", although it is "a true presumption." Empire Gas & Fuel Co. v. Muegge, supra. Res ipsa loquitur, on the other hand, is not a "true" presumption, but only that the "occurrence warrants an inference of negligence." See the discussion of the *Elliott Case*, in footnote 5, supra. We hold that this inference of negligence so raised is not sufficient to overcome the dominant right of the defendant to the change of venue guaranteed to him by the statute.

In *Muegge*, supra, Judge Smedley defined the branded vehicle doctrine as follows:

"It is settled in this state, and by the weight of authority elsewhere, that such presumption is not evidence but rather a rule of procedure or an 'administrative assumption' which 'vanishes' or is 'put to flight' when positive evidence to the contrary is introduced. [Citations omitted.]

"The presumption is a true presumption, which has been defined as 'a rule of law laid down by the courts which attaches to facts certain procedural consequences'. * * * It places on the party against whom it operates the burden of producing evidence. It is not evidence and when met by rebutting proof is not to be weighed by the jury or treated by the jury as evidence in arriving at a verdict." (143 S.W.2d at 767–768)

Wigmore on Evidence (3rd Ed.), Vol. IX, § 2491, p. 289, speaking of the same rule (a true presumption), says:

"Nevertheless, it must be kept in mind that the peculiar effect of a presumption

---

8. These are: Austin Bros, v. Sill, 83 S.W.2d 716 (El Paso Tex.Civ.App., 1935, no writ); Austin Road Company v. Willman, 303 S.W.2d 878 (Ft. Worth Tex. Civ.App., 1957, no writ); and Burlington Industries v. Holladay, 372 S.W.2d 730 (Amarillo Tex.Civ.App., 1963, no writ).

'of law' (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary* from the opponent. If the opponent *does* offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule:" (Emphasis found in the text.)

See also, *Sudduth*, supra, fn. 5 for a discussion of the true presumption.

Thus, there appears to be a meaningful distinction between the inference of negligence raised in the res ipsa situation, and the true presumption found in the branded vehicle theory.

Justice Stephenson's theory, it must be admitted, has the advantage of simplicity of application. Stated tersely, it simply holds that when the doctrine of res ipsa loquitur is applicable (and we all admit it to be applicable to our case on the merits), a plaintiff may maintain venue in the county of the occurrence. On the other hand, the opinion of the majority may be stated in equally terse language: in a venue hearing involving Subdivision 23, the doctrine of res ipsa loquitur, *standing alone,* is insufficient to maintain venue in the county of the occurrence.[9]

It does not appear that the evidence in this case has been fully developed, particularly since the testimony of the driver, Kent, was not available at the time of the hearing. Therefore, we reverse and remand rather than render judgment. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, 459 (1948); Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, 594 (1936); Cement Transports, Inc. v. Menchaca, 420 S.W.2d 143, 145 (Fort Worth Tex.Civ.App., 1967, no writ).

Reversed and remanded for further proceedings not inconsistent herewith.

PARKER, Chief Justice (concurring).

I concur in the opinion of Justice KEITH, but add the following:

Under Subdivision 23 of Article 1995, plaintiff had the burden of proving by a preponderance of the evidence that the defendant was guilty of negligence proximately causing his injuries. In his pleading, in addition to the allegations of specific negligence which he failed to prove, he gave notice of his intention to rely upon the doctrine of res ipsa loquitur. This was a sufficient pleading to permit the doctrine to become applicable. "Res Ipsa Loquitur in Texas," by Starling T. Morris, 26 Tex. Law Rev. 257, 761 (1948). The out-of-state cases cited in the majority opinion seem to announce the correct rule: the unexplained falling of objects being transported by motor vehicle raises an inference of negligence under the doctrine of res ipsa loquitur.

Although plaintiff did not testify, specifically, that he was terrorized or in a position of sudden peril because of the occurrence, it seems inescapable that he was in such a position. Therefore, the fact that plaintiff did not sustain injury because the object fell from the truck—but received his injuries in avoiding a collision with the object—does not seem to be of importance. It does, however, point up the fragile nature of the plaintiff's proof upon the venue hearing. For a discussion of the doctrine of imminent peril and emergency, see:

Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386 (1951); Texas & N. O. R. Co. v. Isaac, 253 S.W.2d 943, 945 (Galveston Tex.Civ.App., 1952, error ref., n. r. e.); "Imminent Peril and Emergency in Texas" by E. Wayne Thode, 40

9. The point is new and, with the dissent, the Supreme Court has jurisdiction to determine, definitively, the question involved. Southwestern Investment Company v. Shipley, 400 S.W.2d 304, 305 (Tex.Sup., 1966).

Tex.Law Rev. p. 456 (1962), (beginning with "The Goolsbee Case" and the footnotes at the bottom of p. 460); Bell Cab Company v. Vasquez, 434 S.W.2d 714 (San Antonio Tex.Civ.App., 1968, error ref., n. r. e.).

Only by the two inferences mentioned has plaintiff even made out a prima facie cause of action against the defendant. Assuming that plaintiff's notice of intention to rely upon the doctrine of res ipsa loquitur, as found in his amended pleading and amended controverting affidavit, was a sufficient compliance with Article 2007, V.A.C.S., requiring him to set out "specifically the fact or facts relied upon to confer venue", he still failed to discharge his burden of overcoming the right of the defendant to have the cause transferred, as provided in Rule 86.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I would hold that plaintiff sustained his burden under Subdivision 23, Article 1995, V.A.C.S.

There being no findings of fact or conclusions of law, it is presumed the trial court found all fact issues raised by the evidence in favor of the judgment. In determining the sufficiency of the evidence to support the trial court's judgment, it is our duty to examine the testimony in the light most favorable to appellee and to indulge every reasonable inference in support of the judgment. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

The facts alleged and proved in this case bring it clearly within the doctrine of res ipsa loquitur. The most frequently cited case is Honea v. Coca Cola Bottling Company, 143 Tex. 272, 183 S.W.2d 968, 969, 160 A.L.R. 1445 (1944) in which it is said:

"Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reason-ably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer."

To paraphrase the Commission of Appeals' case of Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, while the naked fact that an accident happened may not have been evidence of negligence, yet the character of the accident and the circumstances in proof attending it may have been such as to lead reasonably to the belief that, without negligence, it would not have occurred. When the physical facts involved in an accident are of such a character as to compel an inference that it resulted from negligence, such facts are of themselves, evidence of negligence. However, in applying the rule of res ipsa loquitur the fact of the occurrence warrants an inference of negligence, but does not compel it. The presumption created by the happening, whether termed a presumption or an inference, is rebuttable. The defendant, to avoid the effect of the doctrine, may introduce evidence to explain, rebut or otherwise overcome the presumption or inference that the injury complained of was due to negligence. In this case, the defendant chose to offer no evidence.

The evidence, admissions and interrogatories show, without question that defendant's employee, Kent, was driving the truck loaded with the fork lift, involved in this accident. Therefore, the instrumentality which caused the injury was shown to have been under the management and control of the alleged wrongdoer. I have concluded, from the character of this accident and the circumstances attending it that there is support for the implied finding by the trial court that it was led reasonably to the conclusion that in the absence of negligence this accident would not have occurred. There is a long line of cases in which res ipsa loquitur has been held applicable where an object being trans-

ported by a motor vehicle has fallen therefrom. See 66 A.L.R.2d 1255 and supplement.

Under Subdivision 23, plaintiff was required to plead and prove a cause of action, and this he did. If this had been a trial upon the merits, the evidence in this record would support a judgment in his behalf. No greater burden is placed upon him in a venue hearing. Most indications are that a plaintiff has a lesser burden in a venue case. Many Texas cases hold that a plaintiff is required to prove no more than a prima facie case.

Elliott Jones & Co. v. M. K. Townes Production Co., 283 S.W. 246 (Galveston Tex.Civ.App., 1926, no writ); Eggameyer v. San Antonio Machine & Supply Co., 299 S.W. 518 (Austin Tex.Civ.App., 1927, no writ); Tidal Oil Co. v. Grays, 54 S.W. 2d 1043 (Waco Tex.Civ.App., 1932, no writ); San Marcos Baptist Academy v. Burgess, 292 S.W. 626 (San Antonio Tex. Civ.App., 1926, no writ); H. H. Watson Co. v. Alfalfa Growers' Exchange, 300 S.W. 199 (Eastland Tex.Civ.App., 1927, no writ); City of Idalou v. Anderson, 25 S.W.2d 280 (Amarillo Tex.Civ.App., 1930, no writ); American Mortg. Corporation v. Wyman, 41 S.W.2d 270 (Austin Tex.Civ.App., 1931, no writ); Reagan County Purchasing Co. v. State, 65 S.W.2d 353 (Austin Tex.Civ.App., 1933, no writ); Fuston v. Fort Worth & D. S. P. Ry. Co., 68 S.W.2d 518 (Amarillo Tex.Civ.App., 1934, no writ); Great Southern Life Ins. Co. v. Williams, 78 S.W.2d 1063 (Amarillo Tex.Civ.App., 1935, no writ); San Angelo Progressive Local Mut. Aid Ass'n v. Keel, 40 S.W.2d 858 (Waco Tex.Civ.App., 1931, no writ); Pool v. Joy, 61 S.W.2d 581 (Fort Worth Tex.Civ.App., 1933, no writ); Fidelity Securities Co. v. Owens, 70 S.W. 2d 308 (Fort Worth Tex.Civ.App., 1934, no writ); Panhandle & S. F. Ry. Co. v. Floyd, 75 S.W.2d 291 (El Paso Tex.Civ.App., 1934, no writ); Miller v. American Mortgage Corporation, 78 S.W.2d 721 (El Paso Tex.Civ.App., 1935, no writ); Gordon v. Hemphill, 80 S.W.2d 394 (Amarillo Tex.

Civ.App., 1935, no writ); Austin Bros. v. Sill, 83 S.W.2d 716 (El Paso Tex.Civ.App., 1935, no writ); General Motors Acceptance Corp. v. Lee, 120 S.W.2d 622 (Fort Worth Tex.Civ.App., 1938, no writ); Jones v. Jimmerson, 198 S.W.2d 954 (Texarkana Tex.Civ.App., 1947, no writ); Hester v. Hester, 205 S.W.2d 115 (Fort Worth Tex.Civ.App., 1947, no writ); Medford v. First Nat. Bank of Evant, 212 S.W.2d 485 (Waco Tex.Civ.App., 1948, no writ); Eastex Poultry Co. v. Benefield, 268 S.W. 2d 270 (Beaumont Tex.Civ.App., 1954, no writ); Austin Road Company v. Willman, 303 S.W.2d 878 (Fort Worth Tex.Civ.App., 1957, no writ); Pan American Insurance Co. v. White, 321 S.W.2d 337 (Dallas Tex. Civ.App., 1959, no writ); Burlington Industries v. Holladay, 372 S.W.2d 730 (Amarillo Tex.Civ.App., 1963, no writ); Harber v. Switzer, 403 S.W.2d 843 (Amarillo Tex.Civ.App., 1966, no writ); Pan American Fire & Casualty Company v. Loyd, 411 S.W.2d 557 (Amarillo Tex.Civ.App., 1967, no writ); Clay v. Moore, 175 S.W.2d 433 (Dallas Tex.Civ.App., 1943, no writ); Stephens v. Coppock, 212 S.W.2d 879 (Dallas Tex.Civ.App., 1948, no writ); Holton v. Hutchinson, 90 S.W.2d 1103 (Fort Worth Tex.Civ.App., 1936, no writ); Downing v. Laws, 419 S.W.2d 217 (Austin Tex.Civ. App., 1967, error ref., n. r. e.).

There are many Texas Court of Civil Appeals cases holding to the contrary, and many of them cite Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935) as their authority. I think a careful study of the Elliott case explains the reason for the division of authority. On page 94, plaintiff's position is stated that he had to prove his venue facts, prima facie, and:

"  *  *  *  *  *that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded." (Emphasis added.)

The Supreme Court then stated it could not sustain that contention, and then explained:

"  *  *  *  *  *plaintiff must prove the facts in the usual way, *which means that the*

*defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence."* (Emphasis added.)

Then the Supreme Court concludes this point by saying:

"On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties." (at p. 95.)

Thus it is apparent that while many courts have construed this opinion to mean that the Supreme Court could not sustain plaintiff's contention that he could prove his venue facts prima facie, actually that Court made it clear that it could not agree with plaintiff that a defendant should not be permitted to contradict plaintiff's evidence.

Assuming the Supreme Court of Texas has said that a plaintiff in a venue case must do more than prove a prima facie case, no case has indicated that a plaintiff must do more than prove his case in the "usual way." Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); Colman v. H. Dittlinger Roller Mills Co., 181 S.W.2d 604 (Galveston Tex. Civ.App., 1944, no writ); Cisneros v. Thompson, 189 S.W.2d 67 (San Antonio Tex.Civ.App., 1945, no writ); Davenport v. Cabell's, Inc., 239 S.W.2d 833 (Texarkana Tex.Civ.App., 1951, no writ). There is no indication in the majority opinion that the plaintiff in the case before us failed to prove his cause of action based upon res ipsa loquitur in the usual way.

Defendant contends plaintiff proved no more than that an accident occurred, and failed to prove negligence and proximate cause, and cites McClanahan v. Cook, 401 S.W.2d 352 (Amarillo Tex.Civ.App., 1966, no writ) in support of this position. The factual situation is somewhat similar in that plaintiff's damages were caused by a run-away trailer. However, plaintiff relied solely upon Subdivision 9a to retain venue, and apparently had not plead res ipsa loquitur. The appellate court first held

the plaintiff had failed to brief his one point of error and then indicated liability may have been fixed under res ipsa loquitur but that the point had not been raised. I do not interpret this case as supporting defendant's position.

Defendant's brief cited Big Three Welding Equipment Company v. Reeh, 301 S.W. 2d 504 (San Antonio Tex.Civ.App., 1957, no writ) as authority for the proposition that res ipsa loquitur was not available to a plaintiff in a venue case. However, on oral argument it was admitted the Reeh case did not so hold. Apparently there is not a single case in this State holding plaintiff cannot use res ipsa loquitur as a basis for a cause of action under Subdivision 23. In all of the venue cases that I have found in which res ipsa is mentioned, the court reviewed the evidence and held the factual situation did not establish res ipsa. By implication these opinions necessarily hold that it is available as a cause of action. See Keystone-Fleming Transport v. City of Tahoka, 277 S.W.2d 202 (Amarillo Tex. Civ.App., 1954, error dism.); Amarillo Coca-Cola Bottling Co. v. Hall, 384 S.W.2d 726 (Amarillo Tex.Civ.App., 1964, no writ).

The majority opinion cites Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W. 2d 969 (1951) in connection with the equal doubt rule. The certified question to the Supreme Court was:

" 'Do the allegations in plaintiff's petition show venue in the Montgomery County District Court under subdivision 14 of Article 1995 as against the defendant Robert D. Goodrich?' "

The Supreme Court answered: "No." This was an interpleader case, and the sole question was as to pleadings and makes no mention as to quantum of evidence required. Neither this case, nor any other case that I have read, gives any indication that proof under res ipsa loquitur raises only an equal doubt as related to defendant's plea of privilege, and that such doubt should be resolved in favor of defendant's formal pleading. I would affirm the trial court.